UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| as Broadcast Licensee of the ) | |
| January 31, 2009 UFC #94 Broadcast, ) | No. 2:10-CV-00073 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SHARP |
| v. ) | MAGISTRATE JUDGE BRYANT |
| ) | |
| LEASA MARIE MARSHALL a/k/a ) | |
| LEASA MARIE JONES, Individually, ) | |
| and d/b/a THE HOT SPOT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff Joe Hand Promotions, Inc. ("JHP" or "Plaintiff") has filed suit against Defendant Leasa Marie Marshall a/k/a Leasa Marie Jones ("Marshall"), Individually, and d/b/a The Hot Spot ("Defendant") pursuant to 47 U.S.C. § 605 for exhibiting the January 31, 2009 UFC #96 Broadcast in her commercial establishment, in violation of the rights of Plaintiff as the lawful commercial distributor of the Program in Defendant's geographical area.[1] By Order entered September 22, 2011, the Court granted summary judgment in favor of Plaintiff as to Defendant's liability.[2] Accordingly, this matter is presently before the Court on the sole remaining issue of damages. Plaintiff has filed a Memorandum of Law in Support of Damages (Docket Entry No. 47), to which Defendant has filed a response (Docket Entry No. 48).

---

[1] Plaintiff also filed a claim under 47 U.S.C. § 553; this claim was later voluntarily dismissed. *See* (Docket Entry No. 30-3 at ¶11).

[2] Defendant conceded there was no genuine issue of material fact, and that Plaintiff was entitled to judgment as to the issue of liability. Defendant averred, nevertheless, she had no knowledge that her business had a residential satellite account instead of a commercial account. *See* (Docket Entry No. 38 at 1). As the Court noted, intent is not a factor in establishing liability under this statute. *See i.e., Joe Hand Promotions, Inc. v. Easterling, et al.*, 2009 WL 1767579, at *4 (N.D.Ohio 2009) (citing *Joe Hand Promotions, Inc. v. Williams,* 2009 WL 348294, at *2 (W.D.Ky.2009)).

1

# I. FACTUAL BACKGROUND

The facts in the case are virtually undisputed. JHP is a Pennsylvania Corporation with its principal place of business in Pennsylvania. The Hot Spot is a restaurant and bar located in Crossville, Tennessee, wherein Marshall is the owner and operator. According to Marshall, functions and responsibilities include "just about everything."

Relevant to this litigation, JHP paid for, and was granted, exclusive rights as the lawful commercial distributor of the January 31, 2009 UFC #94 Broadcast (the "Program") in Plaintiff's geographical area. JHP entered into subsequent agreements with various entities in the State of Tennessee allowing them to publicly exhibit the Program to their patrons. On January 31, 2009, Marshall televised the Program in her establishment. The broadcast, however, was purchased and shown through a residential account, not a commercial one.

Defendant claims the broadcast of the event on a residential account was completely unintentional.[3] (Docket Entry No. 48-1, Marshall Affidavit ¶7). In fact, Defendant has maintained throughout the course of litigation that she used an authorized DIRECTV installer to install the satellite service and that the installer was never told to set up a residential account. (*Id*. at ¶¶4-5). It was "obvious to everyone that [she] was running a business and this was not [her] residence." *Id.*

Plaintiff avers Defendant advertised and received a financial benefit from the operations on January 31, 2009. However, Defendant stresses that the establishment is not generally profitable and "made no profit the night of the fight…from showing the pay-per-view UFC event." (Marshall Aff. at ¶¶6-7). In fact, the night on the event, Defendant only grossed $649.00. (Docket Entry No. 48 at 2-3).

---

[3] A commercial, DIRECTV, Inc. account in the name of The Hot Spot, account number 063961430, was activated on May 21, 2009, five months after the Program was aired.

# II. ANALYSIS

As is true in the present case, any party bringing a successful civil claim under § 605 of the Communications Act is entitled to injunctive relief, monetary damages, and a full recovery of its costs. *See* 47 U.S.C.A. § 605(e)(3)(B). Whereas the grant of injunctive and monetary relief lies within the court's discretion, an award of costs, including reasonable attorneys' fees, is mandatory. *Id.*

## A. Statutory Damages

In determining whether to award monetary damages, the Court is to consider "both the nature of the violation in light of the statutory scheme involved, as well as the particular circumstances concerning the defendant's actions." *Nat'l Satellite Sports, Inc. v. Garcia,* No. Civ.A. 301CV1799D, 2003 WL 21448375, at *2 (N.D.Tex. June 18, 2003) (internal citations omitted).

The Act sets forth the following available damages:

**(3)(A)** Any person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction.

**(B)** The court--

**(i)** may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section;

**(ii)** may award damages as described in subparagraph (C); and

**(iii)** shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

**(C)(i)** Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;

**(I)** the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation

3

which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or

**(II)** the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

**(ii)** In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

(**iii**) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

47 U.S.C.A. § 605

A party prevailing under § 605 may elect to recover either the actual damages suffered or statutory damages. *Id.* § 605(e)(3)(C)(i). Plaintiff elects to recover statutory damages available under 47 U.S.C.A. § 605(e)(3)(C)(i)(II), rather than actual damages available under 47 U.S.C.A. § 605(e)(3)(C)(i)(I). (Docket Entry No. 47 at 4).

*Non-willful Violation:*

There is no *mens rea* or *scienter* element for a non-willful violation of 47 U.S.C.A. § 605(a). *See* 47 U.S.C.A. 605(e)(3)(C)(i)(II); *Joe Hand Promotions, Inc. v. Easterling, et al.*, 2009 WL 1767579, at *4 (N.D.Ohio 2009). Intent is immaterial to liability, but "intent is relevant to the calculation of plaintiff's remedies" with regard to the augmented amounts for liquidated damages for willful violations. *Id.* citing *Joe Hand Promotions, Inc. v. Williams,* 2009 WL 348294, at * 2 (W.D.Ky. 2009). This statute imposes liability even when "the violator was

4

Case 2:10-cv-00073 Document 50 Filed 02/01/12 Page 4 of 8 PageID #: 308

not aware and had no reason to believe that his acts constituted a violation." *Id.* Under the statutory liquidated damage provision that Plaintiff has elected to pursue, § 605(e)(C)(i)(II) permits recovery for this violation of an amount of not less than $1,000.00 or more than $10,000.00. Conversely, where "the violator was not aware and had no reason to believe that his acts constituted a violation" of this statute, an award of damages may be reduced "to a sum of not less than $250." *Id.* §605(e)(3)(C)(iii).

Plaintiff has set its request at the maximum award of statutory damages, being $10,000.00, as it claims to have "suffered significant monetary loss in licensing fees dues to the pirating of its proprietary programming and has expended a great deal of time and money in policing its signals to protect its interests." (Docket Entry No. 47 at 6). Plaintiff further adds that it should recover damages in an amount, which will send the message that satellite piracy will not be tolerated. (*Id.* at 5).

Defendant submits that the award of monetary damages should be reduced to $250.00, pursuant to 47 U.S.C. § 605(e)(3)(C)(iii). (Docket Entry No. 48 at 4). Defendant claims there is no evidence that she knew the law was being violated. *Id.* On the contrary, it as has been conclusively established, she contracted out the installation of the satellite system in her commercial establishment. *Id.* Not only did she not know she was violating the law, "she didn't know her account was a residential account." (*Id.* at 5). Defendant further stresses that the establishment is not generally profitable and "made no profit the night of the fight…from showing the pay-per-view UFC event." (Marshall Aff. at ¶¶6-7). In fact, the night on the event, Defendant only grossed $649.00. (Docket Entry No. 48 at 2-3).

A court may, in its discretion, reduce the statutory damages to $250.00 when it "finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section." 47 U.S.C.A. § 605(e)(3)(C)(iii). "The Court should exercise this discretion only in

5

Case 2:10-cv-00073   Document 50   Filed 02/01/12   Page 5 of 8 PageID #: 309

'those rare instances of ignorance of the law on the part of one adjudged to have violated it.' " *DIRECTV, Inc. v. Boonstra,* 302 F.Supp.2d 822 (W.D.Mich. 2004) citing *Joe Hand Promotions, Inc. v. D.M.B. Ventures, Inc.,* No. Civ. A. No. 93–2656, 1995 WL 683847, at *2 (E.D.La. Nov. 14, 1995) (internal citations omitted). Such a reduction may be appropriate where there is no evidence that the defendant knew that [s]he was violating the law. *See Boonstra,* 302 F.Supp.2d 822 citing *Don King Prods. Kingvision v. Lovato,* No. C–95–2827, 1996 WL 682006, at *4 (N.D.Cal. Nov. 15, 1996).

Defendant's contention is well-founded, as her affidavit establishes that she did not know her account was billed at residential rates for the bar and did not intentionally intercept the satellite signal. (Marshall Aff. at ¶¶6-7). Based on the information and supporting documentation before the Court, Defendant was not aware of the violation and had no reason to believe her acts constituted a violation of 47 U.S.C.A. § 605; and therefore, the amount of statutory damages awarded to Plaintiff shall be reduced to $250.00.

*Willful Violation:*

The statute also allows for enhanced damages for "violation[s] committed willfully and for purposes of direct or indirect commercial advantage or private financial gain...." *Id.* § 605(e)(3)(C)(ii). Plaintiff asserts it is also entitled to an enhanced damages award in the amount of $25,000.00 for the "intentional unlawful interception" of the Program under 47 U.S.C. § 605(e)(3)(C)(ii). (Docket Entry No. 47 at 18).

"The Supreme Court has defined "willful" in the context of civil statutes as conduct showing "disregard for the governing statute and an indifference to its requirements." *See Joe Hand Promotions, Inc. v. Easterling,* 2009 WL 1767579 at*6 (N.D.Ohio June 22, 2009) citing *Transworld Airlines, Inc. v. Thurston,* 469 U.S. 111, 127, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985).

Plaintiff has not demonstrated that Defendant's unauthorized exploitation of the residential rate and/or unlawful interception leads inevitably to the conclusion that the violation was willful. In fact, as discussed above, it most certainly was not. As such, Plaintiff is not entitled to an enhancement of damages.

### B. Attorney's Fees and Costs

The Communications Act requires that the Court award "full costs, including reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C § 605(e)(3)(B)(iii). As rightful owner of the Program broadcast rights, Plaintiff is an aggrieved party that has prevailed.

Plaintiff claims it has expended filing fees, service of process costs, attorney fees, and investigative expenses pursuing this case. (Docket Entry No. 47 at 19). In support of its requests, Plaintiff submitted an Attorney's Affidavit of Costs and Fees, which includes the following: filing fees in the amount of $350.00; service of process in the amount of $200.00; and attorney's fees in the amount of $5,693.75 – totaling $6,243.75 for litigation costs expended in this case. (Docket Entry 47, Exh. C). This amount is not disputed by Defendant, wherein she responded in her memorandum that "Plaintiff is entitled to these costs as the "prevailing party."" (Docket Entry No. 48 at 4).

Accordingly, based on the information and supporting documents before the Court, Defendant shall be awarded $6,243.75 for full costs and reasonable attorney's fees in this matter.

### III. CONCLUSION

For all of the reasons stated, Plaintiff's requests for statutory damages, costs and attorney's fees are hereby GRANTED. Plaintiff shall be awarded judgment against Defendant, which should include the award of $550.00 in costs and $5,693.75 in attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and $250.00 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C). Thus, the total monetary award is $6493.75.

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

8